[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12322
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 11, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00428-CR-T-26TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISIDRO BERMUDEZ ESTACIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 11, 2005)

Before BIRCH, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Isidro Bermudez Estacio appeals his 135-month sentence, which was imposed after he pled guilty to (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel, in violation of 46 App.

U.S.C. § 1903(j) and 21 U.S.C. § 960(b)(1)(B)(ii), and (2) possession with intent to distribute five kilograms or more of cocaine while on board a vessel, in violation of 46 App. U.S.C. § 1903(a) and 21 U.S.C. § 960(b)(1)(B)(ii). On appeal, Estacio argues that the district court erred by not granting him a minor-role reduction. In support of his claim, Estacio asserts that he was less culpable than most other participants in the conspiracy. After thorough review of the record and the parties' briefs, we affirm.

We review a district court's determination of a defendant's entitlement to a minor-role reduction for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "The defendant bears the burden of proving his minor role by a preponderance of the evidence." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

A two-level reduction for playing a minor role in the offense under § 3B1.2(b) is warranted if the defendant is less culpable than most other participants, but his role could not be described as minimal. See U.S.S.G. § 3B1.2, comment. (n.3). Under De Varon, the district court conducts a two-pronged analysis of the defendant's conduct to determine whether the defendant warrants a minor-role reduction. First, the district court must measure the defendant's role against the relevant conduct for which he has been held accountable. See De

2

Varon, 175 F.3d at 940-41. Second, the district court may measure a defendant's culpability compared to that of other participants in the relevant conduct. Id. at 944. A defendant whose role in the relevant conduct was less than that of other participants is not necessarily entitled to a minor-role reduction where no participants are minor participants. Id. ("[A] defendant is not automatically entitled to a minor role adjustment merely because [he] is somewhat less culpable than the other discernible participants. Rather, the district court must determine that the defendant was less culpable than most other participants in [his] relevant act." Id. (emphasis in the original)).

Estacio asserts that he met his burden to receive a reduction because (1) five of the eight crew members had more culpable roles; (2) the venture could have succeeded without Estacio, who provided no specialized training or knowledge; and (3) Estacio's role was limited to moving the cocaine once it was on the boat and driving the boat only in accordance with the captain's instructions.

Estacio has not established that the district court clearly erred in finding that he was not entitled to a minor-role reduction because (1) he was held responsible only for the drugs in which he was directly involved -- 907.2 kilograms of cocaine (a not insubstantial amount) -- so that his relevant conduct was the same as his actual conduct; and (2) while onboard the vessel, Estacio helped move the cocaine

3

and took turns with other crew members steering and driving the vessel based on instructions given by the captain or navigator.[1]  Based on these tasks, Estacio did not play a minor role in these drug conspiracy and possession offenses.

As for the second prong of the De Varon analysis, the evidence is insufficient to show that Estacio was a minor participant in comparison to others. Estacio claims that five of the eight crew members had more culpable roles. However, the record clearly reflects that Estacio performed the same tasks, which we note were integral tasks to the overall conspiracy, as all other crew members, other than the captain and the navigator.  After thorough review of the record, we cannot say that the district court clearly erred in finding that Estacio's role was not minor.

The district court's denial of a minor-role reduction was entirely consistent with our decision in De Varon.  Accordingly, we affirm.

**AFFIRMED.**

---

[1] Estacio makes much of the district court's finding that his tasks included looking out for law enforcement vessels.  He urges that there is no evidence in the record to support this finding.  We note, however, that irrespective of his look-out duties, Estacio's tasks included the ones we have enumerated above, and those tasks are sufficient to show that Estacio did not play a minor role.